FRED. J. KIESEL AND OTHERS, RESPONDENTS, *v.*
OGDEN CITY, APPELLANT.

MUNICIPAL CORPORATIONS.—IMPROVEMENTS.—LIABILITY OF CITY.—
A private action cannot be maintained against a municipal
corporation for mere failure to construct improvements or for
injuries from inadequate improvements built according to
plans made by competent persons and adopted by municipal
officers in good faith, but if injury results from a wrong
method of carrying out such improvements or if they are
unskillfully or improperly executed, or if the improvements,
when made, are found to be defective or inadequate, and the
municipal authorities neglect to use reasonable care and dili-
gence to remedy the defects, where discovered, an action will
lie at the suit of the person injured.

ID.—ID.—SEWERS.—WANT OF NOTICE.—A municipal corporation is
liable for a defect in a sewer caused by an obstruction placed
in the sewer by workmen of the city, under the direction of
the city engineer; knowledge on the part of the city is pre-
sumed, because it was chargeable with its engineer's knowl-
edge.

ID.—ID.—ID.—NOTICE OF DEFECT.—If an obstruction remained in
a sewer for a sufficient length of time for the city's officers
under the circumstances in the exercise of reasonable care
and diligence to have known of the defect, then notice of
such defect to the city was presumed.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial. The
opinion states the facts.

*Mr. James N. Kimball,* for the appellant.

*Mr. A. R. Heywood,* for the respondent.

ZANE, C. J.:

This action was brought to recover damages to plaintiff's

merchandise in the cellar of its store on Twenty-fourth
street, in Ogden City. It is alleged that an obstruction
negligently permitted by the defendant in a sewer in that
street under its control backed water through a pipe into
plaintiff's cellar, and damaged its goods to the amount of
$3,784.47. On the trial witnesses testified that a box had
been placed in the sewer below the cellar connection which
obstructed the flow of the water, and that rocks and sand
had collected there, and caused the water to flow into the
cellar. Other witnesses testified that they examined the
sewer, and found no obstruction in it. If the box was
there, it was placed in the old sewer by workmen build-
ing a new one, under the supervision of the city engineer.
The jury found a verdict for the plaintiff · in the sum
claimed, and the court overruled a motion by the defend-
ant for a new trial, and entered judgment on the verdict.
To that order and to the judgment the defendant excepted,
and assigns the making of them as error. The evidence
as to the existence of the obstruction, and as to defendant's
negligence with respect to it, is so conflicting that we are
unable to say that the verdict was clearly wrong. The
defendant was chargeable with whatever knowledge its
engineer had, and, if the obstruction was put in the sewer
by workmen under his supervision, knowledge by both
must be inferred ; or if the obstruction had remained such
a length of time as, under the circumstances, the defend-
ant's officers, in the exercise of reasonable care and dili-
gence, should have known of it, notice to it is presumed.
If an obstruction arises in a sewer which the city officers
should not have anticipated as reasonable men, and dam-
age results from it to others before such officers in the use
of reasonable diligence should have known of it, such city
cannot be chargeable with negligence with respect to it.
In such a case, proof of actual notice would be necessary
to charge the municipality. A failure to use reasonable
care and diligence must be shown before any person,

natural or legal, can be charged with negligence. The city of Ogden possessed the power, "to construct and keep in repair culverts, drains, sewers, catch basins, manholes, and cesspools, and to regulate the use thereof." 1 Comp. Laws Utah, 1888, § 1755, subd. 36; Id. § 712. Defendant's counsel insists that municipal authorities in deciding to construct sewers in streets and upon plans adopted by them exercise discretion and judgment, and that therefore they act judicially, and that private actions will not lie against cities for injuries to private persons for failures to act or for errors of judgment in acting. The law gives them a wide discretion in such cases. The general rule is that a private action cannot be maintained for an injury for mere failure to construct a sewer, or for injuries from inadequate sewers built according to plans made by competent persons, and adopted by such officers in good faith. But if injury results from a wrong mode of carrying such plans into execution, or if they are unskillfully or improperly executed, or if the sewer when built is found to be defective or inadequate, and injury results from a neglect to remedy such defects or inadequacy, when discovered, an action will lie. When authority is given the municipality to collect taxes to construct and maintain sewers, it is its duty to use all reasonable diligence and care to keep them so that their use will not injure private property. If municipalities negligently permit sewers or drains to fill up or be obstructed, and cellars connected therewith or other property is flooded, and damage results to private property, an action can be maintained to recover such damage. Judge Dillon says: "A municipal corporation is liable for negligence in the ministerial duty to keep its sewers (which it alone has the power to control and keep in order) in repair, as it respects persons whose estates are connected therewith by private drains, in consequence of which such persons sustain injuries which would have been avoided had the sewers been kept in proper condition. If

the sewer is negligently permitted to become obstructed or filled up, so that it causes the water to back-flow into cellars connected with it, there is a liability therefor on the part of the municipal corporation having the control of it. * * *" 2 Dill. Mun. Corp. (4th Ed.) 43*d*, § 1049. "Perhaps the adjudged cases have not always kept as closely in view as they ought the difference between drains as part of street improvements, constructed to dispose of surface water, and common or public sewers, constructed to provide for and dispose of the sewage of cities. Where such sewers are built and solely controlled by a municipality, many cases, as shown in the sections of the text relating to this subject, have held that the municipality is liable for direct inundations of connecting property with water, filth, and sewage, where the sewer, although it may have been built pursuant to a plan adopted by the municipality, is negligently maintained by it, after the sewer has been shown by experience to be insufficient, under ordinary conditions, to prevent such a nuisance and direct injury to the plaintiff's property." Id. § 1051, subd. 5; *Ballou* v. *State*, 111 N. Y. 496, 18 N. E. Rep. 627; *Nims* v. *Mayor, etc.*, 59 N. Y. 500; *Barton* v. *City of Syracuse*, 36 N. Y. 54; *Perry* v. *City of Worcester*, 6 Gray, 544; *Levy* v. *Salt Lake City*, 3 Utah, 63, 1 Pac. Rep. 160.

The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.